Hitchcock, J.
A number of questions are raised by counsel, in this case, which, so far as they properly arise, will be considered. Largo debts seem to have been contracted by the owners of the boat in controversy, while she was being built, and for the recovery of which, suits might have been brought against her, under the law of February 26, 1840, “providing ior the collection of. claims against steamboats and other water-crafts, and authorizing proceedings against the same by name.” But these creditors, as we are satisfied from the proof, with but one single exception, by an arrangement made with the owners, on May 3, 1842, agreed to take the boat itself, in satisfaction of their claims, and she was accordingly transferred to Niles, as their trustee. Having thus become, in equity, the owners of the boat, they can not afterward prosecute against her under the before-recited act.
It is true that the defendant Owens denies, in his' answer to the bill, that ho was a party to this transaction, so far as to preclude him from the right of commencing suit under that act ; but the proof satisfies us that he was a party to the transaction, and if so, he must be bound by it. *The circumstance that he has received a judgment at law, can not give him, in this court, any advantage over those who, like him, were original creditors, or over those who subsequently became creditors.
As to the claim of Griffey, it is urged that this claim, at the time of the commencement of the suit, could not be enforced against the boat, inasmuch as the property in the boat was not in the original owner, to whom as well as to the boat, the credit *was given ; and the doctrine is advocated, that by the sale of *90 a boat or other water-craft, the right of pre-existing creditors to commence suit against the boat by name is defeated. As this point is made in a case now before this court, in which it will be fully considered, I shall s.ay nothing further with respect to it, than that it is based upon a principle which we can not, as yet, recognize as being correct.
It is contended, on the part of complainants, that, so far as concerns those who became creditors subsequent to the sale to Brennan and others, they are not entitled to any part of tbo fund in the hands of the sheriff, because, at the time their debts were contracted, the boat was running as the property of Brennan & Co.; while these complainants had a lien upon her by mortgage, which was prior, in point of time, to any claim of those creditors, and that this lien must be first satisfied; and, inasmuch as the fund is not sufficient to satisfy the debt secured by the mortgage, therefore they are entitled to the whole of it.
This part of the argument is urged with much zeal, and no little ingenuity. But it seems to mo, that if sound, it loads to this result, that,- if a steamboat or other water-craft is under mortgage, no suit can bo prosecuted against her, notwithstanding the provisions of the law of February 26, 1840. The execution of a mortgage would in effect repeal, in part at least, the law. Its provisions are general. Any person having a claim of the description specified in the act, may prosecute his claim against the boat by name. But give the statute the construction contended for, and we add to it the proviso, that such boat shall not be incumbered by mortgage. Such construction would furnish the owners of boats with a very convenient method of avoiding the force of this act. They would have nothing to do but to incumber the property with a mortgage.
But, even admitting the principle advocated by complainant’s counsel to be correct, still, as it seems to the court, it is not applicable in the present case. The terms of the mortgage *under which they claim, show that the boat, although running in the name of Brennan and others, was running as much for the interests of the complainants as for the interests of the ostensible owners. The complainants 'were to receive, from month to month, the entire net earnings of the boat. They were, by the terms of the.contract, secure in the reception of $500 per month if the boat earned more, they were to receive such excess. Now, *91 although this might not have been sufficient to make them liable personally to those who might give credit to the boat, yet it is sufficient to prevent them from setting up their lien upon the boat, in preference to the claims of such creditors.
Much is said, in the arguments of counsel, as to the effect of the law of February 29, 1840. On the one side, it is insisted that this law creates a lien upon the craft in favor of a creditor. This is earnestly denied by the other side. It seems to me that, if we can ascertain the intention of the legislature, it is a matter of very little consequence what name we give to the interest or claim of the creditor; it isa matter of very little consequence whether, technically speaking, it be a lien or not. The act authorizes a suit to be commenced against the craft by name. But it is said that natural persons who are creditors may sue their debtors, and that this gives them no lien upon the property of those debtors, at least not before commencement of suit, nor even until after judgment and levy of execution. This is very true. But, in the case of the water-craft, the suit is not only commenced against her by name; but, by the statute, the identical craft is to be seized and sold for the satisfaction of the debt or claim. It may not be technically a lien, but it is something which appropriates the property as effectually, if not more so, than ordinary ■liens.
There may be, and undoubtedly will be, cases' found where it will be extremely difficult to apply this statute so as to do perfect justice. By it a new principle was-introduced into the existing system of jurisprudence; and it would be strange if, in the first effort to introduce this principle, a law should be ^framed free from defects. The statute undoubtedly requires amendments, but such amendments must be made by the proper tribunal ; not by this court.
In this case, the court are of opinion that the fund in the hands of the sheriff should be appropriated, first, to the payment of the costs of this suit; second, to the payment of the claims of those creditors of the boat, who are before the court, excluding the claims of the original creditors, with the exception of David Griffey; and the balance remaining, if any, will be paid over to the complainants. As it is understood that the fund is more than sufficient to satisfy all the creditors, it is unnecessary to determine the order in which those creditors shall bo paid.