## G. H. BRADFORD v. LORENZO PAULY, *et al.*

1. INDORSERS; *Rights, and Liabilities.* Whenever a negotiable promissory note is drawn up and is signed by the maker thereof, and is then indorsed in blank, first by the payee thereof and then by a third person, and the note is then delivered by the maker thereof for a sufficient consideration to still another person, who thereby becomes the holder thereof, the presumption in such a case should be, and is, that the payee and said third person intended to assume, and did assume, all the rights and privileges, as well as all the obligations and liabilities, usually assumed by indorsers of negotiable instruments.

2. ———— Where a note is executed, indorsed and delivered in the foregoing manner, the indorsers will be discharged unless due demand of payment is made, and due notice of non-payment given to the indorsers.

*Error from Shawnee District Court.*

ACTION by *Bradford* as plaintiff, commenced originally against Nelson, *Johnson*, and *Pauly*, and charging all as makers of a promissory note. No service on Nelson, and the action was dismissed as to him. Trial at the August Term 1875 of the district court, and findings and judgment in favor of *Pauly* and *Johnson*. *Bradford* brings the case here.

*Martin & Case*, for plaintiff, cited and relied on *Firman v. Blood*, 2 Kas. 496, and *Fuller v. Scott*, 8 Kas. 25.

*David Brockway*, for defendants, cited, *Cady v. Shepard*, 12 Wis. 639; *Davis v. Barron*, 13 Wis. 227; *Snyder v. Oatman*, 16 Ind. 265; *Clapp v. Rice*, 13 Gray, 403; *Greenough v. Smead*, 3 Ohio St. 415, 420; *Heath v. Van Cott*, 9 Wis. 516; *Vose v. Hurst*, 13 Ind. 551.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a certain promissory note, which reads as follows:

"$75.00.        TOPEKA, KANSAS, JANUARY 11th, 1874.

March 1st after date, for value received, I promise to pay to the order of N. A. Johnson seventy-five dollars at the Topeka National Bank, Topeka, Kansas, with twelve per cent. interest after maturity, and cost of collecting, including reasonable attorney-fees if suit be instituted on this note.

"F. G. NELSON."

*Indorsed*—"N. A. JOHNSON," "LORENZO PAULY."

G. H. Bradford, the plaintiff in error, was also plaintiff below, and is the owner and holder of said note. It does not appear that any demand of payment of said note was made at the time the same became due, or that any proper notice of non-payment was ever given to the indorsers, and therefore the question arises, (and it is the only question in this case,) are the indorsers, N. A. Johnson and Lorenzo Pauly, liable? The court below found the facts with refer-

15—18 KAS.

ence to the execution and indorsement of said note to be as follows:

"The note in suit in this case was payable to the order of the defendant Johnson, and was given as a renewal in part of a larger note made and executed in the same manner that this note was, the difference in amount between the notes having been paid in money at the time of making the note in suit. The Topeka National Bank acted as agent for the plaintiff, and drew the note for the purpose of having it executed. The defendant Nelson took the note, signed it himself, and then the defendant Johnson wrote his name across the back of the note, and after Johnson had so written his name the defendant Pauly wrote his name upon the back of the note. After the note had been executed, and the names of defendants Johnson and Pauly placed upon it as aforesaid, Nelson delivered the note and some money to the said Topeka National Bank, and received the above note referred to. Johnson and Pauly never had any further interest in the note than as above shown."

The judgment of the court below was in favor of the defendants Johnson and Pauly, and against Bradford for costs. We think this judgment was correct. Whenever a negotiable promissory note is drawn up as this was, and

1. Contract of indorsement. is then signed by the maker thereof, and is then indorsed in blank, first by the payee thereof, and then by a third person, and the note is then delivered by the maker thereof for a sufficient consideration to still another person, who thereby becomes the holder thereof, the presumption in such a case should be, and is, that the said payee and said third person intended to assume and did assume all the rights and privileges, as well as all the obligations and liabilities, usually assumed by indorsers of negotiable instruments. (See authorities cited in brief of counsel for defendants in error.) And it can make no difference in this case whether such presumption is conclusive, or only *prima facie;* for there is nothing in this case that tends in the slightest degree to rebut such presumption. All the parties connected with this note chose to make it appear as though Nelson, for value received, executed the note to Johnson, that Johnson

then indorsed the note to Pauly, that Pauly then indorsed the note to the holder, and that the holder took the note thus executed and indorsed. And the holder in this case is more responsible for making the note so appear than any other person connected with the note. He, through his agent, the Topeka National Bank, drew the note, and then had it executed and indorsed in the very manner in which it was executed and indorsed. If the holder of the note had desired to hold Johnson and Pauly as makers of the note, or as guarantors, or as indorsers waiving demand and notice, instead of indorsers with the usual rights and liabilities, he could easily have had it so arranged at the time of the execution and indorsement of the note, and have made the note itself so show it, provided of course that the other parties had so agreed. But probably (as counsel for the holder admit,) the holder himself (through his agents) wanted to hold Johnson and Pauly liable only as ordinary indorsers, so that he he might afterward recover protest fees and damages, in case of non-payment of the note and suit thereon. Johnson and Pauly were probably only accommodation indorsers. It does not appear that they had any interest in the note, and it was Nelson, the payor, who finally delivered the same to the holder, and gave it force and effect. There is nothing in this case that tends to show that any person connected with the note intended that Johnson and Pauly should assume, or supposed that they did assume, any obligation or liability different from those ordinarily assumed by indorsers of negotiable instruments. Hence we think that they did assume just such obligations and liabilities, no more, and no less.

This case differs from the cases of *Firman v. Blood*, 2 Kas. 496, and *Fuller v. Scott*, 8 Kas. 25, in essential particulars. In those cases the notes were indorsed by *third persons, prior* to any indorsement made by the *payees*, and without any knowledge, intention or expectation that the notes ever would be indorsed by the payees; and the obligations of the indorsers in those cases were *to the payees;* and the notes themselves were in those cases *prima facie* evidence of those facts.

Now in this case, Johnson was not a *third* person, but was the payee of the note; and Pauly did not indorse the note until *after* Johnson, *the payee*, had done so; and the obligation of Johnson was not to *himself as payee*, nor was the obligation of Pauly to *Johnson*, but *prima facie* the reverse. *Prima facie*, Johnson was under obligation as a prior indorser to Pauly, a subsequent indorser. But *prima facie*, and in fact, all the parties, Nelson, Johnson, and Pauly, were under obligation to Bradford, the holder of the note — Nelson as maker, Johnson as first indorser, and Pauly as second indorser. And as this was the only obligation which Johnson and Pauly were under to Bradford, and as no proper demand of payment was ever made, and as no proper notice of non-payment was ever given, we think Johnson and Pauly as indorsers were discharged.

The judgment of the court below was correct, and must be affirmed.

All the Justices concurring.