## JOHN W. BRALEY v. WILLIAM A. BUCHANAN.

ACCOMMODATION INDORSER OF NEGOTIABLE PROMISSORY NOTE, *to be Notified of Non-Payment.* Notice of the non-payment of a negotiable promissory note must be given to an accommodation indorser, as well as to any other indorser, or he will be discharged from all liability on such note. Therefore, where G. executed a note to A., and A. indorsed the same merely for the accommodation of G., and G. then received the original and only consideration for the note from B., who was the first and only holder of the note for value, and said note was not paid when it became due, and no notice of its dishonor was given to A., *held,* that A. was discharged from all liability on the note.

### Error from Crawford District Court.

THE district court, at January Term, 1878, gave judgment for *Buchanan,* defendant, and against *Braley,* plaintiff, who brings the case here.

*John T. Voss,* for plaintiff.

*Pursel & Wood,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: S. R. Greenwood executed a negotiable promissory note to William A. Buchanan. Buchanan indorsed the same merely for the accommodation of Green-

wood, and Greenwood then received the original and only consideration for the note from John W. Braley, who was the first and only holder of the note for value. The note was not paid when it became due, and no notice of its dishonor was given to Buchanan. Was Buchanan discharged from all liability on said note because of such failure to give him notice? We think he was discharged. Notice of non-payment of a negotiable promissory note must be given to an accommodation indorser as well as to any other indorser, or he will be discharged from all liability on such note. The case of *Bradford v. Pauly*, 18 Kas. 216, is almost precisely in point. See, also, the case of *Doolittle v. Ferry*, 20 Kas. 230.

The judgment of the court below will be affirmed.

All the Justices concurring.