## R. H. CORNETT *et al.* v. L. HAFER.

1. NEGOTIABLE NOTE — *Indorsers Held to be Ordinary Indorsers.* Where a negotiable promissory note, after its execution and delivery, is indorsed by the payee, and then indorsed by a third person, and is then sold by the payee to still another person, all before the maturity of the note, both the indorsers will be held to be ordinary indorsers.

2. NOTICE *to Indorser, Held Sufficient.* Where a notice of dishonor of a negotiable promissory note is sent by mail to the last-known place of residence of the indorser, and he receives the same, *held,* that such notice is sufficient, although prior to the sending of such notice the place of residence of the indorser had been changed.

*Error from Stafford District Court.*

ACTION to recover on certain promissory notes. The material facts appear in the opinion.

*Vandeveer & Martin,* for plaintiffs in error.

*Sluss & Stanley,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Stafford county by L. Hafer, against R. H. Cornett and E. M. Cornett, husband and wife, to recover from them $650 and interest, upon two negotiable promissory notes. Each note was dated "Gunn City, Mo., April 19, 1884," and was executed by S. Z. Hartzler as maker, to the order of R. H. Cornett, payee — one note being for $300, payable on November 1, 1884, and the other note being for $350, payable on December 31, 1884; and each note was indorsed upon the back thereof as follows: "Pay the within to L. Hafer. R. H. Cornett, E. M. Cornett." These notes were sold by R. H. Cornett to Hafer about the last of June, 1884, and at the time of the sale and before delivery the foregoing indorsements were made thereon. On March 2, 1887, the case was tried before the court without a jury, and the court rendered judgment in favor of the plaintiff, Hafer, and against both the defendants,

the Cornetts, for $403.08 and costs of suit, and an additional judgment against E. M. Cornett for $349; and the defendants, as plaintiffs in error, bring the case to this court for review.

It is admitted that R. H. Cornett was an ordinary indorser, and as such was entitled to all the rights and privileges as well as being subject to all the burdens and obligations of such an indorser. But it seems to be claimed by the defendant in error, plaintiff below, that Mrs. Cornett was not such an indorser, but was a guarantor. Now if she alone had indorsed the notes, not being a party thereto — if they had never been indorsed by her husband, the payee thereof — then under the authority of the decisions made in the cases of *Firman v. Blood,* 2 Kas. 496, *Fuller v. Scott,* 8 id. 25, and *Jones v. Kuhn,* 34 id. 414, it would necessarily follow that *prima facie* she was just what the defendant in error claims her to be, that is, a guarantor; but she was not the only indorser of the notes. Her husband, the payee thereof, first indorsed the same, and she afterward indorsed them, and therefore under all, or very nearly all the authorities, she must be held, *prima facie* at least, to be merely an ordinary indorser of the notes and to be entitled to all the rights and privileges of such an indorser, as well as to be subject to all the obligations and burdens of the same. (*Bradford v. Pauly,* 18 Kas. 216; *Withers v. Berry,* 25 id. 375; *Vore v. Hurst,* 13 Ind. 555; *Houston v. Bruner,* 39 id. 376; *Blatchford v. Milliken,* 35 Ill. 434; *Jack v. Morrison,* 48 Pa. St. 113; *Greenough v. Smead,* 3 Ohio St. 415; *Bigelow v. Colton,* 13 Gray, 309; *Clapp v. Rice,* 13 id. 403; *Hayden v. Weldon,* 43 N. J. L. 128; *Cogswell v. Hayden,* 5 Ore. 22; *Chalmers v. McMurdo,* 5 Munf. 252; *Cady v. Shepard,* 12 Wis. 639; *Davis v. Barron,* 13 id. 227; *Jones v. Goodwin,* 39 Cal. 493; *Fear v. Dunlap,* 1 G. Greene, 331; *Moore v. Cross,* 19 N. Y. 227; *Milton v. De Yampert,* 3 Ala. 648; *Price v. Lavender,* 38 id. 389.)

1. Ordinary indorser of negotiable note.

Judgment was rendered in this case against Mrs. Cornett upon both the notes, evidently upon the theory that she was

a guarantor, and not an indorser; for there is no pretense that the first note of $300 was ever protested, or that any legal notice of its dishonor was ever given to either of the indorsers; and no legal notice of the dishonor of the other note — the one for $350 — was ever given or attempted to be given to Mrs. Cornett until nearly a year had elapsed after the dishonor of such note, when an oral notice was given to her. Of course the judgment against Mrs. Cornett is erroneous, and must be reversed.

The judgment against R. H. Cornett was not rendered upon the first note at all, but only upon the second note — the one for $350, due December 31, 1884; and the principal question arising upon this judgment is, whether any legal or proper notice of the dishonor of this note was ever given to Cornett? It would seem from the evidence in this case that on January 3, 1885, this note was presented to Hartzler, the maker thereof, at Gunn City, Missouri, for payment, and not paid, and was then regularly and legally protested, and three notices of dishonor sent by mail from Harrisonville, Missouri, to L. Hafer, at Wichita, Kansas, where Hafer resided. Hafer received the notices in due course of mail, and immediately sent two of them inclosed in an envelope by mail to R. H. Cornett, at Emporia, Kansas, addressed as follows: "R. H. Cornett, Emporia, Kansas. Send to his address, if you know where it is;" and the evidence shows that Cornett admitted that he received these notices. In June, 1884, when Hafer purchased the notes from Cornett, he, with his family, was residing at Emporia; but he then informed Hafer that he expected to remove in five or six days to Pawnee Rock, Kansas, and he did so remove, and was residing at Pawnee Rock when this note became due, and when said notices were sent to Emporia; but no one interested in the note except the Cornetts knew it. Hafer testified that he exercised great diligence to ascertain where Cornett resided, but did not ascertain the same until about November 5, 1885, and that soon afterward, and about November 28, 1885, he gave further notice orally to Cornett of the dishonor of the note. Did Cornett receive sufficient

notice of the dishonor of the note, or not? Where the place of business and residence of an indorser of a note or bill cannot be found by the exercise of reasonable diligence, notice of the dishonor of the same may be excused. (2 Am. & Eng. Encyc. of Law, 419, 420; *Bateman v. Joseph,* 2 Camp. 461; *Blodgett v. Durgin,* 32 Vt. 361; *Walker v. Stetson,* 14 Ohio St. 90; *Fugitt v. Nixon,* 44 Mo. 295; *Upham v. Prince,* 12 Mass. 14, 16.) But was not the notice which was sent in January, 1885, by mail, addressed to Cornett at Emporia, Cornett's last-known place of residence, which notice he admits he received, sufficient? If a notice of the dishonor of a note or bill is duly received by the indorser, the method of giving or sending the notice is wholly immaterial. (2 Am. & Eng. Encyc. of Law, 418; 3 Randolph on Commercial Paper, § 1219.) From anything appearing in this case, Emporia might still have been a post-office address of Cornett. While it is true that Cornett told Hafer that he intended to remove from Emporia to Pawnee Rock, yet Hafer did not, at the time the notices were sent by Hafer to Cornett at Emporia, know that Cornett had in fact so removed, or that he had changed his post-office address; and Cornett, in all probability, by due course of mail and without delay, received the notices either at Emporia or at Pawnee Rock.

*2. Sufficient notice to indorser.*

We have now said about all that need to be said in this case, and yet we will mention a few other things: The court below overruled a motion to require the plaintiff to make his petition more definite and certain, overruled a demurrer to the plaintiff's petition, overruled a motion to suppress depositions taken on the part of the plaintiff, overruled a motion to exclude the introduction of any evidence on the part of the plaintiff, upon the ground that the petition did not state facts sufficient to constitute a cause of action, overruled a demurrer to the plaintiff's evidence, and overruled a motion for a new trial, and then, upon all the pleadings and the evidence, found generally in favor of the plaintiff and against the defendant R. H. Cornett upon the note of $350, and against the defendant E. M. Cornett upon both notes, and rendered judgment

accordingly. In all this we think no substantial error was committed as against R. H. Cornett. It is true that the notice of the dishonor of the $350 note was not itself introduced in evidence, but the other evidence, principally oral, concerning the protest and notice, was sufficient to inform the court what such notice was, and the nature of its contents, and no objection was made or even intimated with respect to this evidence, that better evidence might be obtained. Hafer also testified on the trial that Cornett in one of the conversations had between them — probably the one had on November 28, 1884 — stated that he (Cornett) had not received any notice of the dishonor of the $350 note for eight years. If such a statement was made by Cornett it was certainly not worthy of consideration, and the court below evidently gave it no weight; and in this we cannot say that the court below erred.

The judgment of the court below as against R. H. Cornett will be affirmed, and the judgment of the court below as against E. M. Cornett will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.