COMMERCIAL NATIONAL BANK OF STEUBENVILLE, OHIO, v. JOHN H. ATKINSON.

No. 11,899. (64 Pac. 617.)

1. PROMISSORY NOTE—*Ordinary Indorser—Cases Followed.* In an action brought by the holder of a negotiable promissory note against one whose signature is written on the back of the note below the indorsement of the payee, in the absence of proof of an undertaking or agreement to the contrary, such defendant will be held to be an ordinary indorser of such note, and, as such, to have assumed all the obligations and burdens and to be entitled to all

the rights and privileges appertaining to indorsers of negotiable instruments. (*Bradford v. Pauly*, 18 Kan. 216; *Cornett v. Hafer*, 43 id. 60, 22 Pac. 1015.)

2. ———— *Parol Testimony Admissible.* In such case, however, if it be alleged that plaintiff acquired the note by purchase before maturity from the payee, and that such person whose signature appears after that of the payee on the back of the note is in fact a joint maker thereof, parol testimony is admissible to prove the nature and extent of the contract entered into by such apparent indorser.

3. PRACTICE, DISTRICT COURT}—*Suppression of Depositions.* Where all legal requisites have been complied with in sealing and indorsing depositions to be transmitted by mail, and where such depositions are actually received by the district clerk without being separated or mutilated, the mere fact that the envelope containing such depositions has been broken or injured during transmission will not justify a court in suppressing them.

Error from Marion district court; O. L. MOORE, judge. Opinion filed April 6, 1901. *In banc.* Affirmed in part, reversed in part.

STATEMENT.

THIS action was brought by the plaintiff in error against the defendant to recover on four promissory notes, copies of which were filed as exhibits to the respective counts of the petition. Three of these notes, marked "exhibit A," "exhibit B," and "exhibit D," purported to have been executed by Atkinson & Garlick. The action upon the three notes constituted the first, second and fourth counts in the petition, and it was alleged that the defendant John H. Atkinson and one T. J. Garlick were copartners, and as such executed and delivered these notes respectively to the Shetter Foundry and Machine Company, which company afterward, and before maturity, indorsed the same to the plaintiff, etc.

The answer of the defendant, which was duly verified, denied the execution and delivery of the notes by

the defendant, and denied that he was a member of the firm of Atkinson & Garlick, that there was any such firm, or that he was a partner of T. J. Garlick at the time the notes were executed and delivered.

The fourth note, marked "exhibit C," which constituted the basis of plaintiff's third cause of action, read as follows:

"$1000.00. NEW CUMBERLAND, W. VA., May 13, 1898.

"Four months after date, we promise to pay to the order of Silver Cliff T. B. Co. one thousand and no hundredths dollars, at Commercial Nat'l Bank, Steubenville, Ohio. Value received.

T. J. GARLICK &. Co."

It was indorsed as follows:

"Silver Cliff Towboat Co., by T. J. Garlick. J. H. Atkinson. Shetter Foundry and Machine Co., by A. McFlanegin, *Treas.*"

As to said note, it was alleged in plaintiff's amended petition:

"That on the 13th day of May, 1898, the defendant J. H. Atkinson, together with T. J. Garlick & Co., a partnership composed of T. J. Garlick and J. H. Atkinson, defendant herein, and the Shetter Foundry and Machine Company, jointly executed and delivered to the Silver Cliff T. B. Company their certain promissory note of that date in writing, whereby they promised to pay to the order of the said Silver Cliff T. B. Company, the sum of one thousand dollars, in four months from the date thereof. . . . Thereafter, and before maturity thereof, the said Silver Cliff T. B. Company sold, transferred and indorsed, the said note to this plaintiff, who is now the owner," etc.

It also contained the usual averments of non-payment, and set forth that a copy was annexed as an exhibit.

In plaintiff's original petition as to this note, after

alleging that it had been executed and delivered in the same manner, it was averred :

"Thereafter, before maturity, for a valuable consideration, the said Silver Cliff T. B. Company sold, transferred and indorsed the said note to the defendant, J. H. Atkinson. He afterwards indorsed the same to the Shetter Foundry and Machine Company, who afterwards transferred the same, by indorsement, to this plaintiff," etc.

To the original petition the defendant answered, fully denying the execution of the note and the partnership, and asserting that he never waived protest on the note, but that after the note was due he received a request from the plaintiff bank to waive protest.

After the amended petition was filed, the defendant filed a general denial to the third cause of action as amended, except that he admitted the corporate existence of the plaintiff. This answer to the third cause of action was verified, as follows :

"W. H. Carpenter, being first duly sworn, says on his oath that he is the agent and attorney for the defendant in the above-entitled action ; that he has read the foregoing answer, and that the same is true in substance and fact."

Before the trial motions to suppress depositions were filed by counsel for each party, and on motion of defendant's counsel the court did suppress certain depositions taken on behalf of the plaintiff, to which order of the court the plaintiff duly excepted.

The court refused to suppress certain depositions which had been taken on behalf of the defendant, the grounds for suppressing the same being that the depositions "had not been transmitted and sealed as is required by law, nor did the same remain under seal, as is required by law." Upon the question of suppressing these depositions the testimony of several

witnesses was taken. It appeared that the package had been received in bad condition at the post-office at Marion, so that the contents could be seen, but the postmaster testified that he did not believe any of the papers had been taken out, and that it looked as though nothing had been taken out. Both the postmaster and the district clerk testified that it appeared to have been broken open in the mail, and it is agreed that there was nothing to show that any of the papers had ever been taken out of the envelope when the clerk received it. It was admitted that the package had been properly sealed up and addressed by the notary. To the failure of the court to suppress such depositions the plaintiff duly excepted, but after depositions taken by the plaintiff had been suppressed, as aforesaid, the latter made no application for continuance, and the case was tried to a jury.

After the plaintiff had introduced his evidence, and rested, the defendant demurred to the evidence, and the court sustained the demurrer as to the third count of the petition, but overruled it as to the other three. The plaintiff excepted to the sustaining of such demurrer, and at the trial the defendant recovered a judgment on the other three counts. The plaintiff was denied a new trial, and brings the case here for review.

*N. F. Miesse*, for plaintiff in error.

*W. H. Carpenter*, for defendant in error.

The opinion of the court was delivered by

ELLIS, J. : It is contended on behalf of the plaintiff in error that the affidavit of the defendant's attorney verifying the amended answer to the third count of the petition is not sufficient, and, therefore, that

the plaintiff should have had a judgment on said count. We agree with counsel that the affidavit was not sufficient. The statute (Gen. Stat. 1889, ¶ 4197; Gen. Stat. 1897, ch. 95, § 114; Gen. Stat. 1899, § 4364) provides: ''When the affidavit is made by the agent or attorney, it must set forth the reason why it is not made by the party himself.'' It does not follow, however, that this objection, raised for the first time in this court, can avail the plaintiff. To the original answer a sufficient affidavit was appended, and in such answer was stated a sufficient defense to have sustained a judgment to this cause of action, if one had been rendered. The parties in the court below elected to treat the case as though the answer of the defendant was properly verified. No motion was made for judgment on the pleadings, and the plaintiff assumed the burden of the issues, and offered its proof with reference to this note as well as to others. The original answer as to the third count of the petition had been supplanted by the amended answer; still the parties, had they chosen so to do, might have treated the original answer as still in force.

The ground upon which the defendant below based his right to have the depositions taken by the plaintiff suppressed was that the notice had not been served on an attorney of record in the case, but had been served on one who had acted for the defendant in taking depositions, and in his behalf had previously acknowledged service of notice to take depositions which were used in the case. Whether the defendant could thus recognize and ratify the acts of such attorney so far as the same might be regarded as serving his interests, and then repudiate and refuse to be bound by other acts of the same nature, performed by the same attorney in the same case, and under the same em-

ployment, on the ground that he was not an attorney of record therein, we need not decide, for it appears that other depositions of the same witnesses were taken in the case, and it is not here contended that the plaintiff was deprived of any important testimony of either of such witnesses by reason of the suppression of said depositions.

As to the refusal of the court below to suppress the depositions of defendant, it is enough to say that, although the package arrived in bad order, all legal requisites had been complied with, and the depositions themselves were neither separated nor mutilated. The court did not err in refusing to suppress them.

The judgment rendered against plaintiff on the first, second and fourth counts of the petition was fully sustained by the findings of the jury, which in turn were sustained by the evidence. Such judgment must, therefore, be affirmed.

As to the assignment of error founded upon the action of the trial court in sustaining defendant's demurrer to the evidence as to the third count of the petition, a more difficult question is presented. The record does not show upon what particular ground the court sustained the demurrer. We presume, however, that it did so for the reason that the signature of the defendant was below the indorsement of the payee upon the back of the note, and the court probably inferred, as a matter of law, that the defendant was an accommodation indorser, and as such entitled to notice of non-payment. In ordinary cases such a ruling would be correct, for in the case of *Bradford v. Pauly*, 18 Kan. 216, this court held:

"Whenever a negotiable promissory note is drawn up and is signed by the maker thereof, and is then indorsed in blank, first by the payee thereof and then

by a third person, and the note is then delivered by the maker thereof, for a sufficient consideration, to still another person, who thereby becomes the holder thereof, the presumption in such a case should be, and is, that the payee and said third person intended to assume, and did assume, all the rights and privileges, as well as all the obligations and liabilities, usually assumed by indorsers of negotiable instruments.''

Again, in the case of *Cornett v. Hafer*, 43 Kan. 60, 22 Pac. 1015, it was held :

''Where a negotiable promissory note, after its execution and delivery, is indorsed by the payee, and then indorsed by a third person, and is then sold by the payee to still another person, all before the maturity of the note, both the indorsers will be held to be ordinary indorsers.''

The weight of authority, however, is in favor of the proposition that ''parol evidence is admissible to show the extent of the contract entered into by one who is a stranger to a note and indorses it in blank after it is made.'' (2 Rand. Comm. Pap. §868.) This is undoubtedly the rule where a stranger to a promissory note writes his name across the back thereof before its delivery to the payee.

In this case the evidence tended to show that the clerk of T. J. Garlick prepared the note and executed it as maker in behalf of T. J. Garlick & Co., by authority of T. J. Garlick, who was the sole member of the so-called firm of T. J. Garlick & Co. The Silver Cliff Tow Boat Company, to which the note was made payable, was a corporation, but was managed and controlled, so far as the evidence shows, entirely by T. J. Garlick. The business of such corporation was done in the same office as that of T. J. Garlick & Co., and the clerk who executed the note for the makers also indorsed it for the payee. It

also appears by the evidence that Garlick, on behalf of Atkinson & Garlick, T. J. Garlick & Co., and the Silver Cliff Tow Boat Company, was, for a considerable period, engaged in "kiting" paper between his said three firms, and also between said firms and the Shetter Foundry and Machine Company. It would appear from the evidence that the credit of these several firms was maintained for some time by the method pursued, which was to pay off one note by giving a new one against another firm, without any consideration passing between the firms engaged in such transaction. It is in evidence that Atkinson signed the note in question after said clerk had indorsed the name of the payee upon it, but there may not have been at any time an actual delivery by the maker to the payee, and it is questionable whether, from all the circumstances, a jury might not have inferred that Atkinson was cognizant of the method of doing business to which we have referred.

Therefore, we hold that parol evidence was admissible to show the exact nature and extent of the contract of Atkinson, assuming the rule to be that in the absence of any contract at all his liability would have been that of an accommodation indorser. Under the circumstances, we think the court below could not say, as a matter of law, that there was no evidence from which a jury might have determined that the defendant had, in fact, assumed a different liability. While it is true that the third count of the petition, like the answer thereto, was inartistically drawn, it was sufficient, after the court had admitted the evidence under it, to sustain a judgment.

It follows that the court erred in sustaining the demurrer to the evidence as to the third count of the petition, and as to such count its judgment will be reversed, and a new trial granted.