## JOHN COGSWELL, Respondent, v. JOHN H. HAYDEN, Appellant.

Pleadings—Denial.—The allegation being that D. "made, executed and delivered" a promissory note, is not put in issue by an answer denying that he delivered it.

Indorser.—It being necessary for the payee to indorse the note in order to make it negotiable paper, he must be treated as first indorser without regard to the time of his indorsement or the locality of his name on the note.

Second Indorser—Action by.—An action may be maintained by second indorser against first indorser for money paid on the note.

Appeal from Lane County.

This is an appeal from a judgment recovered at law. The complaint alleges that on May 28, 1872, one William Davidson made, executed and delivered his promissory note to Hayden; that Hayden indorsed it and for value sold and transferred it to one William Barlow; that Cogswell indorsed it subsequent to Hayden; that said Barlow sold and delivered the note to John Rines; that Rines commenced an action thereon in the Circuit Court of Multnomah County and recovered judgment therein against appellant and respondent, for seven hundred dollars and more, gold coin; that execution was issued thereon, and respondent was compelled to pay three hundred and sixty-four dollars and forty-six cents, gold coin, and twenty-seven dollars and seventy-five cents currency; that respondent had filed a notice of said payment upon said judgment, and a claim for repayment, which had been duly entered by the clerk of said court on the margin of the docket where said judgment was entered.

The appellant, for answer, denied that William Davidson *delivered* his promissory note to defendant for any sum; denied that said note was ever delivered to respondent; denied that appellant, *for value received*, sold or transferred said note to W. W. Barlow, or any other person; denied that respondent indorsed said note subsequent to appellant; denied indebtedness generally; and, for a further answer, alleged that, on the 28th day of May, 1872, appellant and respondent, for the accommodation and benefit of said

Davidson, indorsed said note as security for said Davidson; that appellant indorsed said note upon the express condition that the respondent would indorse, of which fact respondent had notice at the same time; that the note was delivered to said Barlow and not to appellant; that appellant paid his half, etc.

The respondent's counsel filed a motion to strike out the denials in appellant's answer, which was granted by the court; also demurred to the matter set up in said answer as a separate defense, which was sustained by the court, and, the appellant refusing to answer over, the court gave judgment for respondent for the relief demanded in the complaint. From these rulings this appeal is brought.

*G. B. Dorris*, for Appellant.

*R. S. Strahan and Thayer & Williams*, for Respondent.

By the Court, McArthur, J.:

The allegation in the complaint being that Davidson "made, executed and delivered" the note, is not put in issue by the denial in the answer that he "delivered" the note. Such a denial operates as an admission of the making and execution, facts which in law embrace and include a delivery.

The denial that the note was delivered to Cogswell must, we think, be regarded as immaterial. It was made payable to the order of Hayden, and whenever he indorsed it, as it is admitted he did, he became the first indorser. The only presumption that can arise from Cogswell's indorsement is, that he intended to become second indorser. As in the case of *Bacon* v. *Burnham* (37 N. Y. 616), "it must be supposed, in the absence of any proof to the contrary, that perceiving the name of the payee in the note, he indorsed it on the presumption that the name of such payee, to whose order it was made payable, would also, at some time, appear on the note, for only thus would it become negotiable." In the same case it was held that the locality of the names is immaterial; and whether the name of Cogswell should

appear above or below that of Hayden, or before or after his in point of time, would not change in any respect his position as second indorser. It follows, therefore, that the denial that Cogswell indorsed the note subsequently to Hayden is frivolous.

The denial that appellant, "for value received," sold or transferred the said note to Barlow does not raise an issue, for the reason that the note might have been sold or transferred, and full value not have been received. The denial of indebtedness must, in this action, be treated as a conclusion of law, for none of the facts out of which the indebtedness is alleged to have arisen, are denied.

As to the right of action, we regard it as a settled principle that an action may be maintained by a second indorser against a first indorser, for money paid on account of the note. (*Wright* v. *Butler*, 6 Wend. 283.)

The fact that the parties indorsed for the *accommodation* of Barlow does not, we think, change the rule as to their relative liability. They are governed by the rules applicable to indorsers generally.

Judgment affirmed.