A. H. JOHNSON, APPELLANT, *v.* S. N. ARRIGONI, RESPONDENT.

INDORSER—LIABILITY OF, ON SUBSEQUENT PROMISE.—An indorser, discharged by the laches of the holder of a note, may become liable to pay it by a subsequent promise with full knowledge of the fact that he had been discharged.

APPEAL from Clatsop County.

The facts stated in the complaint are as follows:

That on January 29, 1867, at the city of Portland, in the State of Oregon, L. L. Blake, who at that time resided in·

Oregon, made and delivered to the defendant, S. N. Arrigoni, a certain promissory note, a copy of which is set out in complaint as follows:

"$950.　　　　　　　　　　　　PORTLAND, OREGON, Jan. 29, 1867.

"For value received, on demand, I promise to pay S. N. Arrigoni, or order, the sum of nine hundred and fifty (950) dollars in United States gold coin.

(Signed)　　　　　　　　　　　"L. L. BLAKE,
　　　　　　　　　　　　　　　　"S. N. ARRIGONI."

That on the 27th day of May, 1867, the defendant sold and delivered the said note to the plaintiff, and transferred the same by writing his name on the face of the note under the name of the maker; that at the time of such transfer, it was agreed between the plaintiff and the defendant, that the defendant's responsibility to the plaintiff, on this note, should be deferred, and that no recourse on said note should be had against him until January, 1868, and a memorandum of said agreement was then and there indorsed upon said promissory note.

That prior to the 31st day of December, 1867, the said L. L. Blake left said State of Oregon, for some place unknown to plaintiff, and on and after said last-named date, plaintiff has not, although he has made diligent search and inquiry, been able to find him, so that he might present the note to him, the said L. L. Blake, for payment; of all of which, the said defendant, then and there, had notice, and the said defendant, on January 1, 1868, and on divers days thereafter, at the city of Portland, and elsewhere, promised plaintiff to pay him, plaintiff, the sum of money due on said promissory note; each of which said several promises defendant has hitherto failed to keep and perform.

There is an averment that the plaintiff is the owner and holder of the note, and that the amount due thereon is $1600, for which sum plaintiff prays judgment in gold coin.

The defendant filed a demurrer to this complaint:

"That it does not state facts sufficient to constitute a cause of action against defendant, for the following reasons:

"First. The allegations of notice in said complaint are in-

sufficient in law to charge defendant with any liability to pay said note, or any part thereof.

"Second. It is not alleged, in or by said complaint, that the agreement between the plaintiff and the defendant, at the time of the sale and transfer of said note by defendant to plaintiff, was reduced to writing or signed by plaintiff and defendant, or either of them, or that the memorandum, alleged to have been indorsed on said note, was made at defendant's request, or was signed by any one.

"Third. The promises, alleged in complaint to have been made in January, 1868, and since, are insufficient in law to enable plaintiff to maintain his said action against defendant.

"Fourth. The complaint of plaintiff shows that this action has not been commenced within six years next after the cause of action first accrued upon the contract, or note set forth in plaintiff's complaint."

The demurrer was sustained and judgment rendered against the plaintiff, who now appeals.

*William Strong and John B. Waldo,* for Appellant.

*W. H. Effinger and W. W. Upton,* for Respondent.

By the Court, PRIM, J.:

The fourth specification, contained in the demurrer to the complaint, is that it appears on the face of the complaint that the action was not commenced within six years next after the cause of action, upon the contract set out, first arose.

In order to determine whether this objection or specification is well taken, it becomes necessary to ascertain the relation of defendant to the note as well as the time when the cause of action accrued to plaintiff against the defendant.

The complaint seems to be based upon the theory that defendant Arrigoni signed the note as an indorser, and undertook to become liable to the plaintiff in that capacity; and we have concluded that he should be so treated in order to decide upon his liability.

The note was executed January 29, 1867, and was made payable on demand to S. N. Arrigoni, or order. On May 27, 1867, nearly four months after its execution, Arrigoni transferred the note to plaintiff by writing his name on its face under the name of the maker.

It is usual for an indorser to put his name upon the back of a note when he wishes to assume the position of indorser thereon; yet it is immaterial where he puts it; all that is necessary is that he put his name somewhere on the note with the intention of making a present transfer of it. This note was payable to his order, and he could make that order as well upon the face as upon the back of the note. (Story on Prom. Notes, ? 121; Edwards on Bills and Prom. Notes, 267.)

It is well settled that an indorser may limit or qualify his responsibility at the time of making the indorsement; and in this case it appears that Arrigoni undertook to do so. (Edwards on Bills and Notes, 282, 283.)

It is alleged, in the complaint, that it was agreed between plaintiff and defendant that the responsibility of defendant on this note should be deferred, and no recourse on said note should be had against him until January, 1868, and that a memorandum of said agreement was then and there indorsed upon said note. These facts are admitted by the demurrer to be true, and cannot be disputed in this stage of the case. Every indorsement upon a note is a new contract, and can be executed as other contracts. (Edwards on Bills and Prom. Notes, 263.)

The facts alleged in the complaint show a contract between plaintiff and defendant having the same legal effect as if it had been written out in full as follows: " I hereby transfer to A. H. Johnson or order, this note, without recourse upon me, until January, 1868." Signed " S. N. Arrigoni," and dated " May 27, 1867."

Arrigoni, in indorsing the note, took the precaution to defer his liability to pay, in case it should be dishonored, until January, 1868. Since it was a note payable on demand, he was liable to be called upon immediately, if

the maker should fail to pay, unless provision should be made against it at the time of indorsement.

Entertaining the view herein expressed of the contract, we think the plaintiff's right of action against defendant did not accrue until January, 1868, and therefore was not barred in December, 1873.

Having reached the conclusion that the defendant occupied the position of an indorser, and assumed the liability of such, he was entitled to due demand and notice before his liability to pay the note could be made absolute. The note being due on demand, it was the duty of the holder to present it for payment within a reasonable time; and what is a reasonable time, is a question of law for the court, to be decided on the facts of each particular case. In this case, it appears that no effort was made to find Blake, the maker of the note, in order to present it for payment until the 31st of December, 1867, which was more than seven months after the time when Arrigoni indorsed the note. This, we apprehend, would be held to be an unreasonable delay, under all the authorities.

It is admitted by counsel for plaintiff that no demand on Blake is alleged; but it is claimed, that a state of facts have been alleged sufficient to excuse a want of demand or take the place of such allegation. These facts are, "that, at the time of the making of said promissory note, the said Blake was residing in the State of Oregon; that prior to the 31st day of December, 1867, the said Blake left said State for some place unknown to the plaintiff, and that, on or after said last-named date, plaintiff has not, although he has made diligent search and inquiry, been able to find him, so that he might present said note to him for payment; of all of which the said defendant then and there had notice; and the said defendant, on the 1st day of January, 1868, and on divers other days thereafter, at the city of Portland and elsewhere, promised to pay plaintiff the sum of money due on said note."

Thus it will be seen that it is alleged in the complaint that defendant made a subsequent promise to pay said note, after having notice of the laches of plaintiff in failing to make

an effort to present the note for payment within a reasonable time.

A subsequent promise to pay, after full knowledge of such laches on the part of the holder as would operate to discharge an indorser, all the authorities hold is sufficient to render him liable to pay the note. In discussing this proposition, Mr. Edwards, in his work on Bills and Promissory Notes, says: "When the fact appears that there has been laches on the part of the holder, a subsequent promise by the indorser to' pay the bill will not render him liable unless it also appears that the promise was made with full knowledge of the fact that he had been discharged by the laches of the holder. But, on proof of a promise by the indorser, with knowledge that he was not liable on the bill, the holder may recover; not, however, on the ground that the indorser is bound by the promise as a matter of contract, for it wants consideration, but on the ground that a promise amounts to a waiver of the objection that the proper steps have not been taken to charge the indorser." He further says: "By this it is not meant that it must appear that the drawer or indorser knew the law of the case when he made the promise. It is enough if the promise is made with knowledge of the facts; for he cannot defend himself upon the ground of his ignorance of the law when he made the promise."

In the complaint, the facts showing laches on the part of the holder are clearly alleged, and that defendant, after having notice of such facts, made a subsequent promise to pay, which we think renders him liable.

The judgment is reversed, and the cause remanded to the court below for further proceedings.