LAURA J. NICHOLS v. BENJAMIN F. BALSER.

REPORT NEED BE SIGNED BY ONLY A MAJORITY OF COMMISSIONERS.

The commissioners having signed and transmitted their report to the court, their functions are ended, and the erasure of his name by one, without consent of either of the others, is inoperative. At all events the action of the majority is sufficient on which to confirm the partition.

MOTION by defendant to confirm partition.

SMITH, J.

In an action for the partition of real estate between the plaintiff and the defendant, three commissioners were appointed to make such partition. By the agreement of the parties and the order of the court, the share of the defendant was to be set off upon the east side of the tract. The commissioners having been duly sworn, met on the ground at the time appointed, and proceeded to the discharge of their duties. They fully agreed upon the value of the land, upon either side of the tract, and the manner in which it should be divided, and caused a survey to be made accordingly, and after it was finished, the quantity and location of the land to be set off to each, according to the valuation thereof, as made by them, was ascertained, and a report thereof was drawn up showing such partition and the quantity given to each, which report was duly signed by all of the commissioners, and delivered to one of them to be returned to the court. Before the report thus signed, and the survey made part thereof, were filed in the court, one of the commissioners came to the conclusion that one of the parties had not received enough land by the partition, and asked the other commissioners to change the same, or to allow him to erase his name from the report as signed.

The other commissioners, believing that the partition as made was just and equitable, declined to alter it, and being of the opinion that it was then too late for the commissioner to withdraw his name from the report, refuse to allow that to be done, but suggested that he file a minority report, stating that he disagreed with the report as made, and asking that his name be stricken from the report as signed by the three commissioners, which he did, and both reports were filed with the court.

After this was done, the third commissioner obtained the original report from the clerk, and without the leave of the court, or of any person authorized to grant such leave, erased his signature therefrom. On this state of facts it was

*Held:* 1. That after the partition was made, and the report thereof so signed by all the commissioners and delivered to one of them to be transmitted to the court, the functions of the commissioners, as such, were fully performed, and that one of them (at least without the consent of one or both of the others) could not change the action, and the report having been filed with the court, and the name of one of these commissioners having been improperly and without any authority erased therefrom, it stands in law as the report and action of all.

2. But if there should be any doubt as to this, according to the authorities, the action of a majority of the commissioners in such a case is sufficient and binding upon the parties, and the report need not be signed at all.

In Freeman on Co-tenancy and Partition, sec. 523, the rule is stated thus:

"The report of the commissioners need not be unanimous." * * * "The true rule is, that where three or more persons are charged with a judicial, or quasi judicial function, under an authority, derived, not from the parties in in-

terest merely, but from a law or statute of the state, though all must hear and deliberate together, a majority may decide." He cites the following cases, which freely confirm the doctrine, viz: Townsend v. Hazard, 9 R. I., 442; Underhill v. Jackson, 1 Barb. Ch., 73; Schuyler v. Marsh, 37 Barb., 350; Kane v. Parker, 4 Wis., 123.

In Young v. Buckingham, 5 O., 485, 489, the supreme court held, that the report of a majority of the commissioners appointed by the court of common pleas to appraise land, condemned for public uses, would bind the minority; and justified their decision on the ground that the power conferred was of a public nature.

It appearing to the court from the evidence submitted that the partition as made was a fair and equitable one, it is approved and confirmed.

A. G. Collins and William Disney, for plaintiff.

S. F. Hunt, for defendant.