Argued 1 February; decided 9 April, 1900.

## HUGHES v. PRATT.

[ 60 Pac. 707.]

SCOPE OF DEMURRER TO ONE OF SEVERAL CAUSES OF SUIT.

1. Where a demurrer is specifically directed to the second cause of action contained in a cross bill, and the other causes of action therein are substantially the same as the second, the demurrer will be considered as if it went to the entire cross bill.

BILLS AND NOTES—EQUITABLE JURISDICTION—REMEDY AT LAW.

2. Where plaintiff, being sued as joint maker on notes, filed a complaint in equity in the nature of a cross bill, alleging that he was a mere surety, and that the holder was not a *bona fide* holder, the cross bill was properly dismissed, since plaintiff had an adequate remedy at law, by pleading and proving such defenses in the action at law on the notes.

From Multnomah : JOHN B. CLELAND, Judge.

In April, 1898, the defendant F. B. Pratt commenced an action in the Circuit Court of Multnomah County against Ellis G. Hughes, the plaintiff herein, to recover on a joint and several promissory note for $20,000, in favor of John Green, executed by said Hughes, Charles E. Ladd and others, and assigned to him by Green. About the same time he began a like action upon a promissory note for $5,500, in favor of Annie Breck, executed by the Chamber of Commerce, the payment of which was guaranteed jointly and severally by Hughes, Ladd and other persons. The two actions being consolidated, Hughes filed an answer, in which he admitted the execution by him of the two notes set out in the complaints,

and their transfer to Pratt, but denied that he was the *bona fide* holder. At the same time he filed the complaint herein, in the nature of a cross bill, against Pratt and Charles E. Ladd, in which he sets up, in substance, for a first cause of suit, that the money received from Green was borrowed by the parties to the note, other than himself, and used by them for their own private use and benefit; that he signed it as surety for Ladd and his associates, at their request, and to the end that they might obtain the money borrowed thereon for their own individual use ; that all the signers of such note, except himself and Ladd, are now insolvent and unable to contribute anything to the payment thereof ; that the defendant Pratt is liable, under some agreement, the exact form or terms of which plaintiff is unable to state, to contribute to any payment which Ladd may be compelled to make on account of the Green note, and is, to all intents and purposes, as to this plaintiff, a principal on the note with Ladd ; that Pratt bought the note in the interest of himself and Ladd, for the sole and only purpose of suing this plaintiff thereon and attaching his property, knowing that he could not pay the same in the first instance without great sacrifice and loss, and with a view of compelling him to pay a considerable sum by way of compromise. The second cause of suit has reference to the Breck note, and is, in substance and legal effect, the same as the first, except it contains an allegation that this note was not the obligation of the Chamber of Commerce, but was, in truth and in fact, the note of the ostensible guarantors thereof, and that the plaintiff signed the same at the request of, and as surety for, Ladd and his associates. The third and fourth causes of suit are substantially the same. The plaintiff alleges therein that, though the defendant Pratt claims to own and hold the Green and Breck notes, as a matter of fact he took them for and in the interest

of the defendant Charles E. Ladd, and is prosecuting the actions thereon in the interest of Ladd, and for his use and benefit, in an attempt to aid him to collect a part of the notes from plaintiff, as such surety. The defendant Pratt moved to make the first cause of suit more definite and certain in some particulars, and demurred to the second, third and fourth on the ground that the facts therein set forth do not constitute a cause of suit against him, and that the allegations thereof show that the plaintiff has an adequate remedy at law. Ladd filed an answer in abatement, alleging that at the time of filing the cross bill there was pending and undetermined in the Circuit Court of Multnomah County another suit between himself and the plaintiff Hughes, wherein the same questions sought to be litigated in this case were in issue. Plaintiff demurred to Ladd's answer on the ground that it did not state facts sufficient to constitute a defense to the cross bill. The motion and demurrer by Pratt were sustained, and the demurrer of plaintiff to the plea of abatement by Ladd overruled; and, the plaintiff declining to amend or plead further, a decree was entered dismissing the cross bill, from which plaintiff appeals.

. AFFIRMED.

For appellant there was a brief over the names of *Messrs. Ellis G. Hughes, in pro. per.*, and *R. & E. B. Williams*, with an oral argument by *Mr. Hughes* and *Mr. Richard Williams*.

For respondents there was a brief over the name of *Williams, Wood & Linthicum*, with an oral argument by *Messrs. Geo. Henry Williams* and *Stewart Brian Linthicum*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.   The decree of the court below indicates that Pratt's demurrer was treated as if it went to the entire cross bill, and, while it is not specifically directed to the first cause of suit, it may be consistently considered as challenging its sufficiency, because the second cause of suit is substantially the same as the first, to which the demurrer is specifically directed.

2.   The argument in support of the demurrer is that the facts alleged do not constitute a defense requiring the interposition of a court of equity, and that all the questions therein tendered can be tried out at law, and as a defense to the law actions. In this view we concur. The substance of the cross bill is that the plaintiff was not a joint maker of the notes sued on, but a mere surety for Ladd and his associates, and that Pratt, who now claims to be, and is, the holder thereof, is, in truth and in fact, either jointly interested with Ladd as a maker, or purchased and now holds them as his agent and representative, and prosecutes the actions thereon in that capacity. These are all matters which can be set up as a defense to the law action, wherein parol evidence is admissible to show the real relation to the contract, and Pratt's interest in the notes : *Holmes* v. *Goldsmith,* 147 U. S. 150 (13 Sup. Ct. 288) ; *Hale* v. *Forbis,* 3 Mont. 395 ; *First Nat. Bank* v. *Gaines* (Ky.) , 9 S. W. 396 ; *Harrison* v. *Morrison,* 39 Minn. 319 (40 N. W. 66). In *Holmes* v. *Goldsmith,* 147 U. S. 150 (13 Sup. Ct. 288), it was held that parol evidence was admissible to show that a promissory note made by certain parties to the order of W. F. Owens was in truth and in fact made for a loan to Owens by the plaintiffs, who were not named in the note at all ; that the defendants executed it for the accommodation of

Owens, the real debtor, to enable him to procure such loan; and that he never had any cause of action on said note against the defendants. A principal upon a promissory note cannot, of course, sue his surety for what he has paid or is liable to pay upon his own note. If, therefore, Hughes·was in fact a surety for Ladd, as the cross bill alleges, and Ladd had brought an action at law in his own name to compel Hughes to pay, the fact that he was surety would be a perfect defense. Under the allegations of the complaint, the notes were transferred to Pratt after they became due; and he either holds them as the agent of Ladd, or, as to Hughes, is a principal upon the notes with Ladd. If this allegation is true,—and for the purpose of this demurrer it must be so considered,—then he certainly has no more right to sue plaintiff than Ladd would have, and the plaintiff can make any defense to the notes in the hands of Pratt that he could as against Ladd. Testing the sufficiency of the cross bill by these views, it is apparent that it does not state facts sufficient to constitute a cause of suit, but that plaintiff has a full, complete, and adequate remedy at law. It follows that the decree of the court below must be affirmed, and it is so ordered.                                    AFFIRMED.