Argued February 6, decided February 20, 1912.

# LUMBERMEN'S NAT. BANK v. CAMPBELL

[121 Pac. 427.]

BILLS AND NOTES—NOTICE AND DEMAND—LIABILITIES OF INDORSER—INDORSEMENT BEFORE DELIVERY.

1. Where a person, other than the maker of a promissory note, writes his name on the back thereof at the time of its execution, he is *prima facie* a second indorser, and not liable without demand and notice.

BILLS AND NOTES—LIABILITIES ON INDORSEMENT—NONNEGOTIABLE INSTRUMENT.

2. A person indorsing his name on the back of a nonnegotiable instrument is liable as a maker, without demand or notice.

EVIDENCE—PAROL EVIDENCE—LIABILITIES ON INDORSEMENT.

3. Where several parties sign a promissory note as makers, but some of them are sureties only, their true relations may be established by parol as against the payee or holder with knowlege of the facts.

BILLS AND NOTES—LIABILITY OF INDORSER.

4. Where a person writes his name on the back of a note at the time it is issued, for the purpose of procuring credit for the maker, or if the person so signing received a part of the consideration for which the obligation was given, he is regarded as an original promisor.

BILLS AND NOTES—LIABILITY OF INDORSER—INDORSEMENT AFTER DELIVERY.

5. A person who, after delivery of a negotiable instrument, indorses it at the request of the maker, and by agreement with the payee that the time for the payment will be extended, or for any other leniency, is a guarantor.

BILLS AND NOTES—LIABILITY OF INDORSER.

6. A person indorsing a note intended for discount, under an agreement with all parties that his signature will be inoperative until indorsement by the payee, is liable only as a second indorser.

EVIDENCE—PAROL EVIDENCE—LIABILITY OF INDORSER.

7. As between the parties to a promissory note, evidence is admissible to show that an irregular indorser's liability is not what it appears from his signature.

EVIDENCE—PAROL EVIDENCE—LIABILITY ON NOTE.

8. A party who places his name on the face of a note as a maker before delivery cannot, in an action on the instrument, be permitted to show by parol that his liability thereon was in fact as an indorser.

EVIDENCE—PAROL EVIDENCE—LIABILITY OF JOINT PROMISOR.

9. The liability of a joint promisor on a negotiable promissory note is not changed to that of an indorser by a letter accompanying the instrument, stating that he had "indorsed" it.

EVIDENCE—PAROL EVIDENCE—NEGOTIABLE INSTRUMENTS LAW.

10. The negotiable instrument law, Sections 5834-6025, L. O. L., was designed to harmonize the decisions in respect to commercial paper, to give negotiable instruments certainty, and to change the rule of construction as to the liability of accommodation parties who sign as joint makers, so that, under Section 5850, subd. 7, L. O. L., which provides that when an instrument containing the words "I promise to pay" is signed by two or more persons they are deemed jointly and severally liable, and Section 5862, which provides that an accommodation party is liable to a holder for value who knew at the time of taking the instrument that he was only an accommodation party, a signer of a negotiable instrument, who subscribed as a joint maker, is liable thereon, though the payee may have known that he was only an accommodation party, and parol evidence is inadmissible to alter the relation assumed.

BILLS AND NOTES—ACTION—DEFENSE—RELIEF.

11. In an action on a promissory note, a person who appears as a joint maker cannot answer that his name was inadvertently written on the face, rather than as an indorser, as such a matter is a subject of exclusive equity jurisdiction, and should, under Section 390, L. O. L., be raised by a complaint in equity in the nature of a cross-bill to have the alleged mistake corrected.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by the Lumbermen's National Bank of Portland against H. C. Campbell, to recover money. It is alleged in the complaint, in effect, that plaintiff is a corporation; that Halliday Witherspoon and the defendant, H. C. Campbell, issued to plaintiff a promissory note, of which the following is a copy:

"$1,500.00.         Portland, Oregon, August 24, 1909.

Ninety days after date, I promise to pay to the order of Lumbermen's National Bank of Portland, fifteen hundred dollars for value received, with interest from maturity, payable on demand, at the rate of eight per cent per annum, until paid, principal and interest payable in U. S. gold coin, at Lumbermen's National Bank of Portland, Oregon; and in case suit or action is instituted to collect this note or any portion thereof, I promise to pay such additional sum of money as the court may adjudge reasonable as attorney's fee in such suit or action.

[Signed] Halliday Witherspoon. H. C. Campbell.

No. 3,252.    Due Nov. 22, 1909."

That no part of the note had been paid, except the interest to December 22, 1909; and that $250 was a reasonable sum as attorney's fees.

Campbell, alone answering, denied the material averments of the complaint.

For a further defense, he alleged, in substance, that at plaintiff's request, expressed by its cashier, and at Witherspoon's solicitation that defendant would indorse the note and become liable only as an indorser, he consented to sign the writing, but in doing so inadvertently wrote his name on the face of the instrument; that he had no interest in and never received any part of the money advanced by plaintiff, as it well knew; that as such indorser he had the right to require, and it was incumbent upon plaintiff, when the note matured, to present it to and demand payment from Witherspoon, and if the instrument was dishonored immediately to notify the defendant, which duty plaintiff failed to perform; and that by reason thereof he was discharged from all liability on account of the indorsement.  The reply put in issue the allegation of new matter in the answer, and the cause having been tried without a jury resulted in a judgment for plaintiff for the amount of the note and $150 as attorney's fee, and the defendant appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Rufus Mallory.*

For respondent there was a brief over the names of *Messrs. Platt & Platt,* with an oral argument by *Mr. H. G. Platt.*

MR. JUSTICE MOORE delivered the opinion of the court.

At the trial the defendant undertook to prove the averments of new matter in the answer, and also to

introduce a letter written to him by plaintiff's proper agent, wherein it was said in part: "Referring to Mr. Witherspoon's note for $1.500.00 indorsed by you," etc. Upon objection, the court refused to receive the proof so offered, and exceptions were allowed.

1. It is maintained by defendant's counsel that the rule established by this court makes parol evidence admissible to show that a party who subscribed his name to a joint and several, negotiable promissory note as an apparent maker was only a surety, when such fact was known to the payee or to a holder, and any act of either of the latter that prejudices the rights of the surety discharges him from liability. Based on this legal principle, it is argued that where a person indorses such paper it is immaterial whether he writes his name on the face or the back of the instrument; for, under the same circumstances, parol evidence is admissible to prove the intention of the parties, and such being the case errors were committed in rejecting the proof offered. It has been determined by our decisions that any person, other than a maker, who writes his name on the back of a negotiable promissory note at the time of its execution, or before delivery, is *prima facie* a second indorser, whose liability as such entitles him to require the making of demand and the giving of notice. *Kamm* v. *Holland,* 2 Or. 59; *Cogswell* v. *Hayden,* 5 Or. 22; *Deering* v. *Creighton,* 19 Or. 118 (24 Pac. 198: 20 Am. St. Rep. 800); *Wade* v. *Creighton,* 25 Or. 455 (36 Pac. 289).

2, 3. Where, however, the name is so appended to nonnegotiable instruments, such irregular indorser is held liable as a maker, and not entitled to insist that demand be made or notice given. *Barr* v. *Mitchell* 7 Or. 346; *Osborne* v. *Hubbard,* 20 Or. 318 (25 Pac. 1021: 11 L. R. A. 833). If several parties sign a negotiable promissory note as makers, but some of them are sureties only, their true relations may be established by

parol evidence as against the payee or a holder of the instrument with knowledge of the facts. *Findley* v. *Hill,* 8 Or. 247 (34 Am. Rep. 578) ; *Brown* v. *Rathburn,* 10 Or. 158; *Baker* v. *Elgin,* 11 Or. 333 (8 Pac. 280) ; *La Grande National Bank* v. *Blum,* 26 Or. 49 (37 Pac. 48) ; *Montgomery* v. *Page,* 29 Or. 320 (44 Pac. 689) ; *Hughes* v. *Pratt,* 37 Or. 45 (60 Pac. 707; *Hoffman* v. *Habighorst,* 38 Or. 261 (63 Pac. 610: 53 L. R. A. 908).

4-7. Quite a diversity of judicial opinion exists respecting the liability of a party who, as an apparent stranger to a negotiable instrument, writes his name on the back of it, as to whether he is a joint maker, a guarantor, or an indorser. The question has generally been determined by considering the intention of the parties at the time the signature was thus affixed. The weight of authority seems to support the rule that if, when the instrument was issued, the name was so written for the purpose of procuring credit for the maker, or if the person so signing received part of the consideration for which obligation was given, he is regarded as an original promisor. After delivery of a negotiable instrument, if he append his name to the back of it at the request of the maker, and by agreement with the payee that the time for the payment will be extended, or for any other leniency, he is considered a guarantor. If, however, the note was intended to be discounted, and he puts his name on the back of it, pursuant to an agreement with all the parties that his signature will be inoperative until indorsed by the payee, he is accounted as a second indorser. He can, according to commercial usage, legally urge the making of demand and the giving of notice when either of such relations necessitates a compliance with such requirements. *Rey* v. *Simpson,* 22 How. 341 (16 L. Ed. 260). As between the parties themselves, parol evidence is admissible to show that the liability of an irregular indorser is not

that which it appears from his signature, but depends upon the intention of such parties. 1 Am. & Eng. Enc. Law (2 ed.) 343; 7 Cyc. 669.

Under our decisions, if a party, in order to loan credit to the maker of a negotiable promissory note, sign his name on the back of the instrument before it is delivered, is to be regarded as a second indorser, who incurs no liability until the note is assigned, the security thus attempted to be furnished would appear to be of little value. In such case, unless the payee indorsed "without recourse," the second indorser, if compelled to liquidate the note, could recover from the payee, as the first indorser, the sum of money he had been obliged to pay, in order to discharge the debt. Transferring commercial paper with such restrictions tends to impair its value; and hence it would seem that the conclusion heretofore reached by this court with respect to the rights of a surety for the maker as a second indorser was wrong in principle.

Defendant's counsel, invoking the rule stated, by a text-writer, to-wit: "The indorsement, as its derivation and meaning would indicate, is generally made by writing the transferror's name on the back of the paper, but it may be written, although unusual and irregular, on any other portion of it, even on the face and under the maker's name." (1 Daniel, Neg. Insts. [5 ed.] § 688), insits that, notwithstanding Campbell wrote his name on the face of the note, parol evidence was admissible to show that it was understood by all the parties to the instrument that he was an indorser. The principle contended for is illustrated by the case of *Johnson* v. *Arrigoni*, 5 Or. 485, 488, where a negotiable promissory note was transferred by the payee, who wrote his name on the face of the instrument beneath that of the maker. In deciding that case, the court says: "it is usual for an indorser to put his name on the

back of a note when he wishes to assume the position of indorser thereon, yet it is immaterial where he puts it; all that is necessary is that he put his name somewhere on the note, with the intention of making a present transfer of it. This note was payable to his order, and he could make that order as well upon the face as upon the back of the note." An examination of the promissory note in that case would have disclosed that the party transferring it was not a stranger to the instrument, but the payee named therein. When such a party, in assigning a promissory note, writes his name on the face of the instrument, the signature so placed is anomalous, necessarily attracting attention of persons accustomed to inspect commercial paper, in order to determine its value, and such being the case parol evidence has been properly held admissible to explain the irregularity. The relation assumed by the payee of a promissory note who in transferring the instrument subscribes his name beneath that of the maker is differently construed; some courts holding that, instead of becoming an indorser, as in the case of *Johnson* v. *Arrigoni*, 5 Or. 485, 488, he renders himself liable as a joint maker. 7 Cyc. 655, note 73.

8, 9. Where, however, a party places his name as a maker on the face of a promissory note before delivery, he cannot, in an action on the instrument, be permitted to show by parol evidence that he was in fact an indorser; nor is his liability as a joint promisor changed to that of an indorser, because at the time he sent the note to the payee he stated in a letter accompanying the instrument, that he had "indorsed" it. *Tacoma Mill Co.* v. *Sherwood*, 11 Wash. 492, 498 (39 Pac. 977, 979). In deciding that case, Mr. Justice SCOTT, answering the assertion made by defendant's counsel that a party signing a promissory note as maker could, in an action on the instrument, show that he subscribed his name as

Sig. 5

an indorser only, says: "It has also been held in suits between indorsers upon a note that it may be shown that their liability is a joint instead of a succeeding one; but this was upon the ground that the contract in such case is one implied by law, and that it was not in violation of the rule as to admitting parol testimony to vary a written instrument. But none of these cases sustain the proposition contended for here. The liability assumed by a surety upon a note is essentially different from that assumed by an indorser. The surety is liable the same as the principal. It is true the payee may not enter into a subsequent contract with the principal of the note, extending the time of payment, etc., without the surety's consent, and still hold him. But as to the indorser the situation is entirely different. Upon the maturity of the note, the holder is called upon to take some action in case of nonpayment, to maintain his claim against the indorser; and if proof was to be admitted that a person signing a note as a maker was in fact only an indorser it would be plain violation of the rule as to admitting proof of a contemporaneous oral agreement to vary statements of a written instrument. No case has been called to our attention where any court has held that the maker of a note may show by such testimony that he was simply to be held as an indorser."

10. It is believed that the decision in that case logically announces a rule which should be controlling herein. But independent thereof the passage of the negotiable instrument law in 1909, Sections 5834-6025, L. O. L., has so changed the decisions of our court in respect to the liability of parties to promissory notes as to render the testimony and evidence, which the court excluded in the case at bar, inadmissible. Some of the provisions of such act will be set forth, to-wit:

"The person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely

required to pay the same." Section 6023, L. O. L. "When an instrument containing the words, 'I promise to pay,' is signed by two or more persons, they are deemed to be jointly and severally liable thereon." Section 5850, subd. 7, L. O. L. "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Section 5862, L. O. L. "A negotiable instrument is discharged (1) by payment in due course or on behalf of the principal debtor; (2) by payment in due course by the party accommodated, where the instrument is made or accepted for accommodation; (3) by the intentional cancellation thereof by the holder; (4) by any other act which will discharge a simple contract for the payment of money; (5) when the principal debtor becomes the holder of the instrument at or after maturity, in his own right." Section 5952, L. O. L.

The act from which these excerpts are taken was designed to harmonize the decisions of courts of last resort in respect to commercial paper, and to give to negotiable instruments a degree of certainty that would be universal in its application in the states enacting the law. The act was also intended to change the rule of construction with reference to the liability of accommodation parties who signed negotiable promissory notes as joint makers. *White* v. *Savage,* 48 Or. 604 (87 Pac. 1040); *Sellers* v. *Meachen,* 49 Or. 186 (89 Pac. 426: 10 L. R. A. [N. S.] 133). In that capacity the defendant subscribed his name to the negotiable instrument involved herein, which, it is admitted, was issued for value. By the express terms of the contract, he is liable as a joint maker, notwithstanding the plaintiff may have known he was only an accommodation party, and parol evidence was inadmissible to alter the relation he assumed.

The defendant undoubtedly loaned his name to Witherspoon, thereby enabling him to obtain from the plaintiff a sum of money for the repayment of which Campbell rendered himself primarily liable. In *Rouse* v. *Wooten,* 140 N. C. 557 (53 S. E. 430: 111 Am. St Rep. 875, 876), in construing a clause of the negotiable instrument law of North Carolina (Revisal 1905, § 2342), identical with that of Section 6023, L. O. L., Mr. Justice WALKER says: "A surety comes squarely within the definition of a person whose liability is primary; for he is, by the terms of the instrument, absolutely required to pay the same."

11. It will be remembered that defendant alleges in the answer that his name was inadvertently written on the face of the note. In this State courts of equity and of law are essentially different forums, though presided over by the same trial judge. The answer to which reference has been made, constituted no defense to an action at law to recover the amount due on the promissory note. *Hughes* v. *Pratt,* 37 Or. 45 (60 Pac. 707). If any equity existed *dehors* the instrument which would prevent its enforcement against the defendant, he did not, upon answering in the action, file a complaint in equity in the nature of a cross-bill to have the alleged mistake, which was made in issuing the note, corrected. Section 390, L. O. L. *Wilson* v. *Wilson,* 26 Or. 251 (38 Pac. 185). Whether or not the procedure indicated would have been available is needless to inquire, for it was not invoked.

In any view of the case that may be taken, the testimony and evidence offered were inadmissible, and no errors were committed in rejecting the tenders of proof.

It follows that the judgment should be affirmed; and it is so ordered.      AFFIRMED.