**STATE EX BY BITUCOTE HARTEX CO**
**v WESTENBAKER**

Ohio Appeals, 2nd Dist, Darke Co

No 536. Decided Dec 17, 1937

George W. Porter, Greenville, for plaintiff

Hugh A. Staley, Greenville, for defendant.

### · OPINION ·

By BARNES, PJ.

This case is an original action in this Court seeking a writ of mandamus to compel the defendant as County Auditor of Darke County, Ohio, to issue a warrant on the County Treasurer of Darke County, Ohio on a contract claimed to be duly allowed by the Board of County Commissioners.

The answer of the County Auditor as his defense, avers that the contract between the plaintiff and the Board of County Commissioners was not complied with, according to its terms.

So much of the petition as is necessary to an understanding of the situation follows.

On June 5, 1937, the plaintiff made and entered into a contract with the Commissioners of Darke County, Ohio, to furnish the County 10 000 or more gallons of emulsified asphalt a mechanical sweeper and the services of an experienced man to assist the engineering department of Darke County, Ohio in the use of the proper application of the emulsified asphalt and that the said Commissioners agreed to pay for said asphalt the su mof $0.0877 a gallon.

Previous to the execution of said contract, the County Auditor duly certified that there was money in the County Treasury to the credit of the proper fund for the payment of the amount involved in the contract.

It is further averred in the petition that the plaintiff delivered 19,950 gallons of emulsified asphalt and otherwise complied with the contract. That on the 7th day of September 1937, the County Commissioners duly passed a resolution accepting and approving said contract as being duly performed and ordered the issuing of a warrant on the County Treasurer payable in the sum of $1749.61. That the action of the Commissioners duly conformed to the law but that the said Auditor refuses to issue to plaintiff a warrant on the County Treasury for the payment of the above sum.

The answer of the defendant admits the due execution of the contract set forth in plaintiff's petition. The answer further avers that the contract provided as a specification that the bituminous material was to conform to a certain formula therein named. That following the execution of the contract, two car loads of bituminous products were shipped to the county for use on the highways and the same applied. The answer further avers that after the two car loads of material had been applied, the County Surveyor received an analysis report and then for the first time ascertained that the material did not conform to the analysis specified in the contract.

It is further averred that the County Surveyor approved the bill in the sum of $1496.25 as a reasonable market value of the product furnished instead of the $1749.61 which would have been the contract price had the material conformed to the specifications.

The answer admits that the Board of Commissioners approved plaintiff's bill for the sum of $1749.61.

To defendant's answer, plaintiff filed a general demurrer thereby raising the question of the sufficiency of said answer as a legal defense.

Counsel for the respective parties have not been able to furnish to us any reported case directly passing on the question now presented.

It is our conclusion that under the provisions of the statute and constructions

thereof by our court, the controlling law is manifest.

We start with the understanding that the Board of County Commissioners of a county are the administrative officers of such county with the power to sue as representing their respective counties and also, in a limited manner, may be sued. The question at once arises as to whether or not, where a claim is allowed by the Board of County Commissioners, the County Auditor may decline to issue a warrant on the County Treasury, by reason of the fact that, in his judgment, the claim should not have been allowed. There should be no ground for dispute that, under the averments of the answer, there should be a remedy. The pertinent query is as to whether or not the County Auditor has the authority to promulgate a remedy by refusing to issue the warrant, when the claim has been allowed by the proper authorities. That the Board of County Commissioners is the only authority for the allowance or rejection of claims of this character against the county is apparent under the statute. The County Auditor is a clerical officer of the Board of County Commissioners and in general carries into execution their orders and makes up and preserves the records of their administration. No claim could be made that the County Auditor, in the first instance, independent of the Board of Commissioners, could either allow or reject any claim founded upon contracts.

Sec 2460 GC reads as follows:

"2460. HOW CLAIMS AGAINST COUNTY ALLOWED AND PAID.—No claims against the county shall be paid otherwise than upon the allowance of the county commissioners, upon the warrant of the county auditor except in those cases in which the amount due is fixed by law, or is authorized to be fixed by some other person or tribunal, in which case it shall be paid upon the warrant of the county auditor upon the proper certificate of the person or tribunal allowing the claim. No public money shall be disbursed by the county commissioners, or any of them, but shall be disbursed by the county treasurer, upon the warrant of the county auditor, specifying the name of the party entitled thereto, on what account, and upon whose allowance, if not fixed by law."

We also quote §2461 GC.

"2461. APPEAL FROM DECISION OF COMMISSIONERS.—A person aggrieved by the decision of the county commissioners in any case, may appeal within fifteen days thereafter, to the next court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial. The notice shall be in writing, and delivered personally to the commissioners, or left with the auditor of the county. At its next session, the court shall hear and determine the appeal, which decision shall be final."

The early decisions giving construction to §2461 GC, supra, held that the remedy by appeal was exclusive.

Shephard v Commissioners, 8 Oh St 354.
State v Commissioners, 26 Oh St 304.
Bowersox v Commissioners, 20 Oh St 496.
Southard v Commissioners, 27 Oh St 649.
Commissioners v Robb 5 O., 490.

In 1882 the Supreme Court of Ohio for the first time modified the rule by determining that where the claim against the county was founded upon a contract that the Commissioners were authorized to make and had refused to perform or had disallowed the claim, the remedy by appeal was not exclusive but cumulative. In all other particulars, the decision held that the remedy by appeal was exclusive. Commissioners of Belmont County v Ziegelhafer, 38 Oh St 523. So far as we are able to find this case has not been modified through any subsequent pronouncement.

Of course, the present action can not, in any sense, be said to be an action on contract. We do find, in reported cases. a suggested additional remedy and that is an action attacking the allowance of claims for fraud or collusion. Of course, this would mean that it would be necessary to have a judicial determination of such fraud or collusion. In other words, the County Auditor could not invoke the principle by merely refusing to issue a warrant. We refer to a very interesting and well considered case entitled Ridenour v State of Ohio, 14 OCC 393. The decision was by Judge Price, afterwards a very illustrious member of our Supreme Court. The action was brought against the County Auditor of Paulding County on his official bond to recover back illegal fees claimed to have been drawn from the County Treasury after an allowance by the Board of County Commissioners. The first paragraph of Syllabus 2 reads as follows:

"If the claim is disallowed in whole or in part, his only remedy is by appeal to the court of common pleas."

566

This quoted portion of the syllabus might present the query as to whether or not the remedy by appeal would be available where the claim was allowed. On page 398 of the opinion Judge Price, speaking for the court on the question of appeal, presents the following:

"If this is true when the ruling of the board is against him, it should have some legal value and force when it is in his favor.'

On the following page the court also makes the comment that the action was not one directly attacking the orders allowing the claim on the ground of fraud or collusion—or because of fraud practiced upon the commissioners. It was a simple action to recover back from the officers and sureties upon the bond, in the face of the statutory record of allowance by the tribunal to which alone such claims must be presented.

The court held that the complainant could not have relief under its form of action. The case of **State ex rel Mannix v Auditor of Darke County 43 Oh St 311** is in point on certain phases of the instant case. Also see **Board of Commissioners of Hamilton County v Noyes, 35 Oh St 201.**

We want to make it clear that we are not holding under the averments of the answer that defendant's position is without merit, but we do hold that the County Auditor does not have authority to take unto himself the right to withhold issuing his warrant after the claim has been allowed by the Board of County Commissioners.

If it was sought to prevent the payment, two remedies were available (1) After the allowance of the claim, an appeal might have been taken to the Court of Common Pleas as provided under the statute. (2) The allowance of the claim might have been attacked by proper proceedings on the ground of fraud or collusion. There may be other remedies but they do not occur to us at this time.

The demurrer to the answer will be sustained.

If counsel for defendant desire to file an amended answer, same may be presented to us with application to file within twenty days. Otherwise, final judgment may be entered in favor of the plaintiff on the pleadings.

Costs will follow the judgment.

Entry may be drawn accordingly.

HORNBECK and GEIGER, concur.