**STATE ex DARKE COUNTY BD. OF EDUCATION v TAYLOR, Auditor**

Ohio Appeals, 2nd Dist, Darke Co.

No. 573. Decided Aug. 1, 1940.

Wilbur D. Spidel, Greenville; George W. Porter, Greenville, for relator.

Hugh A. Staley, Prosecuting Attorney, Greenville, for respondent.

## OPINION

BY THE COURT:

This is an action in mandamus wherein the relator alleges that it is the qualified and acting Board of Education of Darke County, and that Howard E. Taylor is the Auditor thereof.

After reciting the facts, the Board as relator prays that a writ of mandamus issue commanding the Auditor to issue warrants to Lawrence Winchell in the amount specified.

An alternative writ was issued returnable on the 4th of January, 1940. The petition alleges that on the 2nd of March, 1939, the relator appointed Lawrence Winchell as Superintendent of schools of Darke County, the appointment commencing on the 1st of August, 1939, and ending on July 31, 1941, at a salary of $3700.00 a year, and that said Winchell commenced his duties on the day of the appointment and in good faith acted and performed the duties of his office until the 29th day of November, 1939; that on the 7th day of September, 1939, relator issued its voucher on the county treasurer to Lawrence Winchell for a monthly salary and for the teachers' retirement fund. On the 5th of October, 1939, the 2nd of November, 1939, and the 7th of December, 1939, like vouchers were issued, the aggregate of the four series of vouchers being $1283.58, payable to Winchell, and $33.00 to the teachers' retirement fund.

This petition for mandamus was filed originally in this court on the 15th day of December, 1939.

To the petition of the relator an answer was filed by the respondent Taylor, who admits that the relator is the acting Board of Education of Darke County, and that on the 2nd of March, 1939, it attempted by resolution to appoint Lawrence Winchell as Superintendent of Schools of Darke County, and attempted to fix his salary in the sum of $3700.00. He alleges that the County Board of Education of Darke County had previously, on November 15, 1937, by resolution, appointed Harry S. Rees as County Superintendent for the same period, and at the time of bringing this action and the filing of this answer the said Winchell was not serving as County Superintendent, but that Rees was and is serving in such capacity and performing the duties of the Superintendent of Darke County.

The respondent further alleges that the relator has no beneficial interest in the outcome of the proceedings and that the action is being prosecuted solely for the benefit of Winchell and that by reason thereof relator is not the real party in interest.

As a second defense certain allegations are made to the effect that the Board of Education attempted to appoint Winchell as Superintendent commencing on the first day of August, 1939, and ending on the first day of July, 1941.

Respondent, as Auditor, alleges that on the 15th of November, 1937, the County Board of Education appointed Rees for a term beginning on the 15th of November, 1937, and extending to July 31, 1940; that on November 15, 1937, Rees took over the duties of the

office and that on the 15th of January, 1938, the County Board of Education (a new board elected November, 1937), attempted to rescind the former action and to discharge Rees; that Rees continued to perform the duties until March, 1938, at which time the plaintiff took over his office and refused to permit him to continue; that thereafter, on April 9, 1938, said Lawrence Winchell was appointed as County Superintendent by the plaintiff, the Board of Education of Darke County, and was reappointed on the 2nd day of March, 1939, said appointments covering the same period covered by the former appointment of Rees.

It is further alleged that after the appointment of Winchell, Rees started an action in quo warranto in the Supreme Court of Ohio, wherein such proceedings were had that the Court held that Winchell was not entitled to the possession of the the office or to the privileges or salary thereof; that when he learned of the action of a master commissioner appointed by the Court he refused to issue his warrant for the salary. He alleges that by reason of the finding of the Supreme Court the plaintiff is not entitled to have the warrant of the County Auditor issued to Lawrence Winchell for the sum set out in the petition and the respondent asks to be dismissed.

To this answer the plaintiff demurs on the ground that the reasons set out in said answer are not sufficient to constitute a defense.

The matter determined by the Supreme Court under the title of State ex Rees v Winchell et, etc., December 22, 1939, may be found in 136 Oh St 62. The opinion of the Court recites the facts leading up to the controversy, together with the law applicable, and holds that under the law the relator, (Rees) was legally appointed Superintendent of the Schools at the meeting of the County Board of Education on November 15, 1937. An order of ouster against the respondent and an induction in favor of the relator was issued, and the Auditor asserts these facts as a sufficient answer to the petition of the relator. It may be noted that the case

was decided in the Supreme Court on November 22, 1939, and that the vouchers were dated September, October, November and December, 1939, presumably for services performed by Winchell prior to the order of the Court ousting him from the office of Superintendent.

Mandamus is a writ issued in the name of the Sttae to an inferior tribunal, etc., commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station. This Court would have no original jurisdiction in the matter involved in this case except for the constitutional provision that it has original jurisdiction in mandamus.

Mandamus will issue only when a clear right thereto appears, and where the plaintiff has shown the invasion of a clear legal right on his part and a breach of a clear legal duty on the part of the defendant. It will not lie to compel the performance of an act not specifically enjoined by law as a mandatory duty resulting from the office. It will not issue where there is a plain and adequate remedy at law.

The question before us is whether or not the plaintiff-relator, under the facts stated and under the decision of the Supreme Court, wherein it was directly held that the relator was not entitled to the office and that Rees was entitled, has a clear right to have vouchers issued for the payment of the claimed salary which accumulated at least partly during the pendency of the action in the Supreme Court.

We have examined many cases touching the right of the relator to compel officials by a writ of mandamus to perform certain duties. Among them, we might cite State v Westenbacker, 26 Abs 564, opinion by Barnes, J., of this Court; State ex Hoel v Auditor, 110 Oh St 287; State ex v Thomas, Auditor, 35 Oh Ap 250; Flack v Auditor, 24 Oh St 330; State ex Beverstock v Auditor, 34 Oh St 137, which is the jurors' case in which the Court held that the certificate of the Clerk as to the amount of fees to which jurors are entitled is not

conclusive, and that the Auditor may refuse to issue orders for excessive payment, even though certified by the Clerk.

In the case of **Kloeb v Mercer County, 26 O. C. C. 152**, it is held that the County Auditor is not the disbursive officer of the county, but is the Auditor of the Treasurer whose official duties are enumerated by the statute, and that he must, in the discharge of these duties, act faithfully and prudently and exercise judgment to a degree commensurate with his responsibility to the public and if he fails in this he may be removed.

The case we feel approaches closely the facts in the instant case is **State ex McKey, Trustee v Cooper, Auditor, 99 Oh St 258**, wherein it is held that writ will not be granted to compel an auditor to issue a warrant upon the treasurer for payment out of public funds unless the relator's right is clear and the act to be enforced is one of legal obligation, approving **State ex v Smith, Auditor, 71 Oh St 13**. Donahue,. J., delivering the opinion of the Court, states:

"While a writ of mandamus will issue against the public officer to compel the performance of an official duty enjoined upon him by law, yet such writ will not be granted unless the relator's right is clear and the act to be enforced is one of absolute obligation."

He states in substance that the Auditor is not required to decide at his peril which of two persons is entitled to receive the fund, and especially is this true where the record upon which he must base his action shows that the acts belong to one person and another person seeks payment.

The Judge states on page 266:

"The right of the relator to this fund or any part of it is doubtful for the reasons assigned."

It seems to us that under the circumstances clearly appearing in this case, that this Court, under the Constitution, has no right through the mandatory provisions of the statute to compel the Auditor to issue a warrant to one whose right to the fund is, to say the least, doubtful. This, it seems to us, would permit and require this Court to determine questions that should not be decided under its limited constitutional jurisdiction. It is quite apparent that both of the individuals here claiming the fund are not entitled to it, and that the School Board should not be required to pay it twice. There is adequate remedy at law whereby the controversy between the two may be determined, but those remedies are to be obtained in a proper court which in our judgment is the Court of Common Pleas, in an action properly pleading controversies between parties and not by circumscribed authority incident to a writ of mandamus.

Since writing the foregoing, we have had our attention attracted to the case of **State ex Cox v Hooper, County Auditor, 137 Oh St 222**, decided by the Supreme Court July 17, 1940. While this case is not identical with the case at bar, it is of interest. The court holds:

"The payment of salary to a **de facto** public officer who holds the office by color of title constitutes a valid defense to the action of a **de jure** officer to recover the salary, when the governmental body responsible for paying the salary in no wise prevented the de jure officer from discharging the duties of the office."

Weygandt, C. J., delivering the opinion of the court recites the facts involved and states at page 223:

"And according to the overwhelming weight of authority this fact gives the relator a complete remedy in the form of an action to recover from Riffle the amount of salary the latter received during his wrongful possession of the office."

The Court cites **32 O. Jur. 1035, §179**; Restatement of Law and Restitution 554, §137.

**32 O. Jur., page 1035, §179, states:**

"The authorities are well-nigh unanimous that the rightful incumbent of a public office may recover from the de facto officer the salary, fees, and emoluments of the office received by the latter during his possession thereof. This view has been taken in a dictum in the former circuit court of Ohio, which has been reiterated by a court of common pleas."

This case may be authority for denying to Rees, the de jure superintendent, compensation from the County Treasury for the time he was excluded from the office by Winchell, the de facto officer, if Winchell had been paid out of the County Treasury for the period of his service.

In the case at bar Winchell has never been paid anything and so far as we know neither has Rees. Who shall receive the salary for the time Winchell performed the services as a de facto officer can not be determined in a mandamus procedure, as his right to receive such money is not clear and there has been no showing that the Auditor has refused to perform a mandatory duty resulting from his office.

Demurrer overruled. Twenty days leave to answer; if no answer filed within twenty days, writ denied.

HORNBECK, PJ. & GEIGER, J., concur.
BARNES, J., concurs in judgment.